JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6246 PA (JEMx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | Orthopedic Specialists of Southern California, et al. v. Aetna Life Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Aetna Life Insurance Company ("Defendant"). (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of both diversity and federal ERISA preemption. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here, Defendant has failed to properly allege Plaintiffs' citizenship. Although Defendant contends that diversity jurisdiction exists because Plaintiffs allege that they are "business organizations, organized and existing under the laws of the State of California and [are] residents of the County of Los Angeles," the Notice of Removal does not contain any allegations concerning Plaintiff's principal place of business. As such, Defendant's allegations are inadequate to establish diversity jurisdiction.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6246 PA (JEMx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | Orthopedic Specialists of Southern California, et al. v. Aetna Life Ins. Co., et al. | | |

Defendant has also failed to show that the Court has federal question jurisdiction. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Here, Defendant contends that Plaintiffs' claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") because Plaintiffs are seeking "to recover benefits under ERISA-governed plans in their role as assignees." (Notice of Removal at 5.) However, the Ninth Circuit has held that a provider's claims are not completely preempted by ERISA where the provider is seeking payment based upon a separate agreement between it and the insurer. Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 951 (9th Cir. 2009). In Marin, the plaintiff hospital sued a patient's employer, the employer's CEO, and a benefits administrator in state court for breach of contract, negligent misrepresentation, quantum meruit, and estoppel. Id. at 943. The hospital's claims were based on allegations that the benefits administrator had orally verified the patient's coverage, authorized treatment for the patient, and agreed to cover 90% of the medical expenses incurred. Id. However, after the benefits administrator was billed by the hospital, it refused to pay the 90% that it had previously promised. Id. at 943-44. The defendants removed the action based on ERISA preemption, and the district court denied the hospital's motion to remand. Id. at 944. On appeal, the Ninth Circuit concluded that the action should have been remanded. Id. at 951. Under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions. In applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA. Id. at 949-50.

In Pierce v. Wells Fargo Bank, N.A., 2010 U.S. App. LEXIS 10744 at *2-3 (9th Cir. May 26, 2010), the Ninth Circuit extended its holding in Marin to include cases where a complaint can reasonably be read to allege that there is an independent obligation for payment that is not based upon an obligation under an ERISA plan. The Pierce court held that "[e]ven if the words of the oral contract specified the amount owed as 'benefits under the [insurance] Plan,' a reasonable interpretation of those words is that the contract meant 'benefits equivalent to those under the [insurance] Plan.'" Id. at *3. Thus, if a complaint can reasonably be read to allege an independent obligation for payment -- even if

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6246 PA (JEMx) | Date | August 30, 2010 |
|---|---|---|---|
| Title | Orthopedic Specialists of Southern California, et al. v. Aetna Life Ins. Co., et al. | | |

that obligation is measured by the obligation that would exist under the ERISA plan -- complete preemption does not apply.

Here, Plaintiffs allege that Defendant is obligated to pay Plaintiffs based on: (1) "[Defendant's] request that [Plaintiffs] render . . . medical services to the Patients, and the fact that [Defendant] was benefitted by the provision of such services by [Plaintiffs]" (Complaint, ¶ 27); (2) Defendant's implicit agreement "to reimburse [Plaintiffs] for the reasonable expenses incurred by the Patients in the course of being treated," in consideration for Plaintiffs' "implied agreement to treat the Patients" (Complaint, ¶ 34); and (3) an oral agreement between the parties, pursuant to which Defendant "agreed to pay, cover, reimburse and indemnify [Plaintiffs] for all services rendered to Patients at the rates charged or billed by [Plaintiffs]" (Complaint, ¶ 42). Based on these allegations, the Court finds that this case is similar to Marin and Pierce insofar as Plaintiffs do not allege that Defendant's payment obligations are based upon those benefits to which Plaintiffs are entitled as assignees of the patients' claims. Because Plaintiffs have alleged that Defendant's obligations are based instead upon oral and implicit agreements to pay the patients' medical expenses, Plaintiffs' claims could not have been brought under ERISA and are based upon other independent legal duties. As such, the claims are not completely preempted by ERISA.

For the foregoing reasons, Defendant has failed to meet its burden of showing that federal question or diversity jurisdiction exists. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. SC108852. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.